ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney          **FILED:  2/3/14**
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/7413
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-574-GHK |
|---|---|
| Plaintiff, | [~~Proposed~~] |
| v. | FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| ERIC GONZALEZ et. al., | |
| Defendants. | STATUS CONFERENCE DATE: **3/10/14**<br>STATUS CONFERENCE TIME: **9:00 a.m.** |

On Monday, January 6, 2014, the Court held a status conference in this case. Assistant United States Attorney Lizabeth A. Rhodes appeared on behalf of the United States. Defendant Eric Gonzalez was present, represented by Patrick Smith who specially appeared for John McNicholas. Defendant Sussie Ayala was present, represented by Patrick Smith. Defendant Fernando Luviano was present represented

1

by Michael Nasatir, specially appearing on behalf of Vicki Podberesy.  Defendant Pantamitr Zunggeemoge was present represented by Robert Sticht.  Noel Womack was present represented by Matthew Lombard.

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.   An indictment was filed in this case on August 15, 2013. Defendants Ayala, Luviano, Zungeemoge, and Womack made their first appearances and were arraigned on December 9, 2013.  Defendant Gonzalez made his first appearance and was arraigned on December 13, 2013.  All defendants entered pleas of not guilty to all charges. Trial was set to begin before this Court on January 21, 2014, with a status conference set for January 6, 2014.

2.   The protective order and order allowing early production of grand jury material were signed by the Court on January 3, 2014. On January 6, 2014, discovery consisting of sixteen (16) discs of mixed media material was produced to all counsel present at the status conference.  The same discovery was produced to counsel for defendant Gonzalez on January 8, 2014.

3.   Due to the large amount of discovery at issue, defense counsel and the defendants indicated that they would need additional time to review the discovery and prepare each defendant's case for disposition or trial.

4.   Because defense counsel had not, as of the status conference date, had a reasonable opportunity to examine the discovery, a status conference was set for March 10, 2014 at 9:00 a.m. to determine an appropriate trial date or the need for a further status conference.

5.   At the January 6, 2014 status conference, the Court advised each of the defendants of his or her right to a speedy trial and then asked each individual defendant whether he or she agreed that a continuance was necessary and in his or her best interest. Each defendant individually answered in the affirmative. Additionally, all defense counsel agreed that a continuance was in the interests of justice and was necessary to review the discovery and prepare each defendant's case for disposition or trial.

6.   Thus, based on the defense attorneys and defendant's agreements and based on the representations as to the status of discovery, the Court finds that the time from and including January 6, 2014, the date the Court vacated the January 21, 2014 trial date, to and including March 10, 2014, the date of the status conference, be excluded from the time within which trial must begin as required by the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., as further time is necessary to permit defendants the reasonable time necessary for effective preparation of a defense, taking into account the exercise of due diligence as set forth in 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

7.   The Court further finds that the ends of justice served by vacating the trial date and continuing the case outweigh the interest of the public and the defendants in a trial within the date originally prescribed by the Speedy Trial Act.

8.   The Court orders each defendant and each counsel to appear at the next status conference on March 10, 2014 at 9:00 a.m.

9.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

3

periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

```
    1/31/14                          _____
DATE                                 HONORABLE GEORGE H. KING
                                     CHIEF U. S. DISTRICT JUDGE
```

Presented by:

      /s/
LIZABETH A. RHODES
Assistant United States Attorney